IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EVERETT E. SMITH,

          Petitioner,

     v.                                             Civ. Act. No. 09-896-LPS

PERRY PHELPS, Warden, and JOSEPH
R. BIDEN, III, Attorney General
of the State of Delaware,

          Respondents.

---

Everett E. Smith. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

**MEMORANDUM OPINION**

September 13, 2011
Wilmington, Delaware



**STARK, U.S. District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Everett E. Smith ("Petitioner"). (D.I. 1; D.I. 5) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## BACKGROUND

On April 25, 2006, while employed at the Port of Wilmington, Petitioner learned that he was being fired. (D.I. 13) Petitioner punched a co-worker in the face, as he believed the co-worker was responsible for Petitioner's discharge. Once the co-worker was on the ground, Petitioner kicked him in the stomach and groin areas. The co-worker rose and called 911 from his cell phone, at which time Petitioner punched him in the face again. Petitioner then took the co-worker's cell phone, eye glasses, and safety helmet and threw them into the Delaware River. As a result of the attack, the coworker underwent surgery resulting in the removal of his left testicle. *Id.*

On June 12, 2006, Petitioner was indicted on the following charges: first degree assault (Del. Code Ann. tit. 11, § 613); aggravated act of intimidation (Del. Code Ann. tit. 11, § 3533); and criminal mischief-misdemeanor (Del. Code Ann. tit. 11, § 811). (D.I. 13) The Superior Court conducted a two-day trial in February 2007, which ended in a hung jury and mistrial. A three-day jury trial commenced on April 30, 2007, which again ended in a hung jury and mistrial. *Id.* On June 29, 2007, Petitioner pled guilty but mentally ill to the lesser-included offense of second degree assault, in exchange for which the prosecution dismissed the balance of the indictment and agreed not to seek habitual offender status at sentencing. *See Smith v. State*, 962

A.2d 918 (Table), 2008 WL 5008575, at *1 (Del. Nov. 26, 2008). The Superior Court immediately sentenced Petitioner to eight (8) years at Level V incarceration, suspended after five (5) years for two (2) years at Level III probation. *Id.* Petitioner did not appeal his conviction or sentence.

On September 24, 2007, Petitioner filed a motion for modification of sentence pursuant to Delaware Superior Court Criminal Rule 35, which the Superior Court denied on November 2, 2007. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 51, 52) Petitioner did not appeal that decision.

On July 18, 2008, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on July 31, 2008. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court decision on November 26, 2008. *Smith*, 2008 WL 5008575, at *1. However, the Delaware Supreme Court also remanded the matter to the Superior Court to correct a clerical error in the original sentence order. *Id.* On December 19, 2008, the Superior Court issued a corrected sentencing order fixing a typographical error in the title of the crime for which Petitioner was convicted, namely, changing the charge from first degree assault to second degree assault. Petitioner did not appeal that order. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry No. 59; D.I. 15, Corrected Sentence Order in *State v. Smith*, Case No. 0604020997)

On February 5, 2009, Petitioner filed his second Rule 35 motion for modification of sentence, which the Superior Court denied on March 10, 2009. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 61, 63) Petitioner did not appeal that decision.

Petitioner filed a § 2254 Petition in November, 2009; then, in January 2010, he filed an

amended Petition adding more claims (both petitions will be referred to hereinafter collectively as "Petition"). (D.I. 1; D.I. 5) The State filed an Answer, asserting that the Petition should be dismissed as time-barred. (D.I. 12) Petitioner then filed a Motion to Compel, asking the Court to rule on his Petition. (D.I. 16)

## THE ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

3

# DISCUSSION

Petitioner's § 2254 Petition, initially filed in November 2009, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because he does not allege, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner on June 29, 2007, and he did not appeal this judgment. Therefore, Petitioner's conviction became final on July 30, 2007.[1] *See* Del. Supr. Ct. R. 6(a)(ii) (establishing thirty (30) day period for timely filing of notice of appeal). Accordingly, to comply with the one-year limitations period, Petitioner had to file his Petition by July 30, 2008. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

---

[1] Because last day of the appeal period fell on Sunday, July 29, 2007, the appeal period extended through Monday, July 30, 2007. Del. Supr. Ct. R. 11(a).
The Superior Court's December 19, 2008 corrected sentencing order does not affect the date on which Petitioner's judgment of conviction became final under § 2244(d)(1)(A) and, therefore, does not trigger a later starting date for the limitations period. *See, e.g., Elliott v. Carroll*, 2005 WL 283435, at *2 n.2 (D. Del. Jan. 28, 2005) (collecting cases). The December 19, 2008 order merely corrected a clerical error by replacing the word "second" for "first" with respect to the degree of Petitioner's assault conviction, and did not alter any aspect of Petitioner's original sentence. *See Martin v. Province*, 2010 WL 5093403, at *2 n.2 (N.D. Okla. Dec. 8, 2010); *see also Rojas v. United States*, 2011 WL 1467008, at *3 (S.D. Fla. Mar. 21, 2011) (§ 2255 motion).

Petitioner filed the instant Petition on November 21, 2009,[2] approximately one and one-half years after the expiration of the limitations period. Thus, his habeas Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

**Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period.[3] *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Petitioner filed his first Rule 35 motion for reduction/modification of sentence on September 24, 2007. The Superior Court denied the motion on November 2, 2007, a decision Petitioner did not appeal. Consequently, Petitioner's first Rule 35 motion tolled the limitations period from September 24, 2007 through December 3, 2007,[4] which includes the thirty (30) day

---

[2]Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the Court adopts November 21, 2009 as the date of filing because that is the date on the Petition.

[3]However, the "time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

[4]The thirty (30) day period for appealing the denial of Petitioner's Rule 35 motion actually ended on December 2, 2007, which was a Sunday. Therefore, the appeal period

appeal period.⁵

When Petitioner filed his first Rule 35 motion on September 24, 2007, fifty-five (55) days of the limitations period had lapsed. The limitations clock started to run again on December 4, 2007, and ran another 227 days until Petitioner filed a Rule 61 motion on July 18, 2008. At this juncture, a total of 282 days of the limitations period had expired.

The Superior Court denied Petitioner's Rule 61 motion on July 31, 2008. Petitioner appealed, and the Delaware Supreme Court remanded the matter to the Superior Court on November 26, 2008. On December 19, 2008, the Superior Court entered a corrected sentencing order, and Petitioner did not appeal that decision. Therefore, the Rule 61 motion tolled the

---

extended through Monday, December 3, 3007. *See* Del. Sup. Ct. R. 11(a).

⁵In the past, the Court would have followed the analysis articulated by the Third Circuit in *Hartmann v. Carroll*, 492 F.3d 478 (3d Cir. 2007), to determine if Petitioner's Rule 35 motion triggered § 2244(d)(2) tolling. For instance, according to *Hartmann*, motions for modification and/or reduction of sentence filed pursuant to Delaware Superior Court Criminal Rule 35(a) trigger statutory tolling if they allege some illegality in sentencing or conviction, whereas Rule 35(b) motions seeking a modification of sentence purely on leniency grounds do not trigger statutory tolling. *Id.* at 482. However, the United States Supreme Court recently rejected the type of bifurcated analysis articulated by the Third Circuit in *Hartmann* (and by other circuit courts). *Wall v. Kohli*, _ U.S. _, 131 S.Ct. 1278, 1286-88 (2011). After defining the term "collateral review" contained in § 2244(d)(2) as "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process," the *Wall* Court held that a post-conviction motion to reduce sentence filed under Rhode Island law triggers § 2244(d)(2) tolling because the motion is not part of the direct review process and requires the state court to reexamine the appropriateness of the prisoner's sentence. *Wall*, 131 S.Ct. at 1285-87.

The Third Circuit has not had an opportunity to review Delaware's sentence modification /reduction procedure in light of *Wall*. However, given the State's assumption that Petitioner's Rule 35 motions constituted properly filed motions for post-conviction relief under § 2244(d)(2), and after viewing these motions within the analytical framework set forth in *Wall*, the Court concludes that both of Petitioner's Rule 35 motions trigger statutory tolling.

limitations period from July 18, 2008 through January 19, 2009,[6] which includes the thirty (30) day appeal period.

The limitations clock started to run again on January 21, 2009 and ran another fifteen (15) days until Petitioner filed his second Rule 35 motion on February 5, 2009. The Superior Court denied the second Rule 35 motion on March 10, 2009, and Petitioner did not appeal that decision. Therefore, the second Rule 35 motion tolled the limitations period from February 5, 2009 through April 9, 2009, which includes the thirty (30) day appeal period.

When the limitations clock started to run again on April 10, 2009, Petitioner only had sixty-eight (68) days in which to timely file a habeas petition. The limitations clock ran without interruption until it expired on June 15, 2009. Consequently, even with statutory tolling, Petitioner's filing on November 21, 2009 was more than five (5) months too late. Accordingly, the Petition is time-barred, unless equitable tolling applies.

**Equitable Tolling**

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[7] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these

---

[6]The thirty (30) day period for appealing the Superior Court's corrected sentence order actually ended on January 18, 2009, which was a Sunday. The next day, Monday, January 19, 2009, was a legal holiday (Martin Luther King Day). Therefore, the appeal period extended through Tuesday, January 20, 2009. *See* Del. Sup. Ct. R. 11(a).

[7]*Holland*, 130 S.Ct. at 2562.

7

principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999); *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

During the pendency of this proceeding, Petitioner filed a Motion to Compel, asking the Court to render an immediate ruling. (D.I. 16) In the Motion, Petitioner contends that, on February 22, 2007, the Superior Court sealed the results of a pre-trial mental health evaluation report that would have provided him with the opportunity to raise the "affirmative defense of not guilty by reason of insanity." (D.I. 16 at 3-4) According to Petitioner, this mental health report demonstrates that his mental state was "reckless, not intentional as required under Delaware law for liability for first and second degree assault," and that the report also demonstrates his "actual innocence" of the "indicted charge and the charge he pled guilty to." *Id.* at 3-5. Petitioner avers that he would not have pled guilty but, instead, would have proceeded to trial for a third time if he had known about the report, and that he would have filed a pre-trial motion arguing that the indictment should be amended to charge third degree assault instead of first degree assault. *Id.* at 4. Finally, Petitioner asserts that he did not become aware of the report until after he filed the instant Petition. *Id.*

Given its duty to liberally construe *pro se* filings, the Court will treat the statements

8

contained in Petitioner's Motion to Compel as an attempt to trigger equitable tolling.

Nevertheless, the attempt is unavailing. To begin, the record reveals that Petitioner was aware of the sealed mental health report at least by September 10, 2008, the date of the appendix to Petitioner's Rule 61 appeal brief containing a copy of that report. (D.I. 15, Exh. B-1 to B-10 in Appendix, *Smith v. State*, No. 420,2008) Consequently, the fact that the Delaware Superior Court sealed the report on February 22, 2007 did not impede Petitioner's ability to file the instant Petition within AEDPA's one-year limitations period.[8]

Moreover, the Court notes that neither the Supreme Court nor the Third Circuit have determined whether a credible claim of actual innocence can equitably toll the AEDPA's limitations period. *See, e.g., Teagle v. Diguglielmo,* 336 F. App'x 209, 212-13 (3d Cir. 2009); *Horning v. Lavan,* 197 F. App'x 90, 93 (3d Cir. 2006). Nevertheless, even if a petitioner's actual innocence could warrant equitable tolling, tolling is not justified in this case because Petitioner has failed to present sufficient evidence of his actual innocence. *See Schlup v. Delo,* 513 U.S. 298, 324 (1995); *Hubbard v. Pinchak,* 378 F.3d 333, 339 (3d Cir. 2004) (explaining that, to be credible, petitioner's assertion of actual innocence must show it is more likely than not that no reasonable juror would have convicted petitioner in light of new evidence presented in habeas petition). Assuming, arguendo, that the mental health report somehow supports Petitioner's contention that his "mens rea mental state was only reckless, not intentional," a person is guilty of second degree assault in Delaware when he recklessly or intentionally causes serious physical injury to another person. *See* Del. Code Ann. tit. 11, § 612(a)(1).

---

[8]There were still eighty-three (83) days remaining in AEDPA's limitations period when Petitioner's Rule 61 appeal was decided. *See supra* at 6-7.

9

Finally, Petitioner does not allege, and the Court cannot discern, any other extraordinary circumstances that may trigger equitable tolling. To the extent Petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

For all of these reasons, the Court concludes that equitable tolling is not available in this case. Accordingly, the Court will dismiss the Petition as untimely.

## **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See id.*

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.